IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                  Case Nos.:   3:06cr21/LAC/EMT
                                                 3:16cv318/LAC/EMT

ARNOLD SYLVESTER LINDSAY, JR.

## REPORT AND RECOMMENDATION

Defendant Arnold Sylvester Lindsay, Jr., has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 58). The case was stayed pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (*see* ECF Nos. 60, 61, 66). After the *Beckles* decision issued, the Government filed a response in opposition (ECF No. 67). Defendant did not file a reply. After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be denied and dismissed as untimely.

## BACKGROUND and ANALYSIS

In May of 2006, Defendant pleaded guilty to an eight-count indictment which charged him with possession of ammunition by a convicted felon (counts one and three); possession of a firearm and ammunition by a convicted felon (counts two and four); delivery or transfer of ammunition to a juvenile (count five); delivery or

transfer of a firearm and ammunition to a juvenile (count six); possession of a firearm with an obliterated serial number (count seven); and possession and discharge of a firearm in a school zone (count eight) in violation of 18 U.S.C. §§ 922 & 924 (ECF Nos. 1 & 27). The Presentence Investigation Report ("PSR") calculated a Guideline range of 168 to 210 months' imprisonment based on a total offense level of 30 and a criminal history category of VI (ECF No. 68, PSR ¶ 121). The PSR did not list any Chapter Four enhancements, but it did note factors that may warrant an upward departure from the Guidelines (ECF No. 68, PSR ¶¶ 50, 137). On August 14, 2006, the court sentenced Defendant to a total term of 420 months' imprisonment as follows: 120 months on counts one, two, and three, to run consecutively, one with the other; 120 months on count four, to run concurrently with all other counts; 12 months on counts five and six, to run concurrently and with all other counts; 60 months on count seven, to run concurrently with all other counts; and 60 months on count eight, to run consecutively to counts one, two and three, followed by a total term of three years of supervised release (ECF Nos. 34, 35). The court departed from the advisory Guidelines and imposed an upward variance based on the factors in 18 U.S.C. § 3553(a) which are outlined in the Statement of

Reasons section of the PSR (*see* ECF No. 35 at 4-5).   In sentencing Defendant, the court stated:

> In making this decision, I have consulted the advisory sentencing guidelines and calculated the applicable advisory range of 168 to 210 months.   I then made an effort to determine if pursuant to the guideline policy statements that any sentence outside of the advisory range were clearly appropriate.   In this case, I do find that the guidelines provide limited grounds for an upward departure, which includes multiple acts of obstructive conduct under [U.S.S.G.] Section 5K2.0, factors not adequately taken into account by the guidelines, second, the use of more than one minor in this criminal conduct, which is pursuant to Section 3B1.4, and the inadequacy of your criminal history category pursuant to 4A1.3.
>
> However, even with a guided departure under the guidelines, but based upon the above factors, I find this sentence would still not be sufficient in your case. And I then considered all of the factors in Title 18 United States Code, Section 3553(a).   I considered the nature and the circumstances of the offense and the history and characteristics of you, and the offense conduct involves numerous instances of violence involving a firearm, the offense conduct also clearly outlines that you, an adult, involved a number of juveniles in your criminal conduct, and some assisted you in your illegal activities.   And your personal history and characteristics indicate that you will continue to be involved in violent acts in the future.

(ECF No. 48 at 66-67).   Defendant appealed, and the Eleventh Circuit Court of Appeals affirmed his sentence on August 7, 2007 (*see* ECF No. 56).   Defendant did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (*i.e.*, ninety days after the entry of the court of appeals judgment).

Case Nos.: 3:06cr21/LAC/EMT; 3:16cv318/LAC/EMT

Thus, Defendant's judgment of conviction became final on November 5, 2007. In order to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by November 5, 2008. Therefore, Defendant's motion dated June 20, 2016, and received by the clerk on June 24, 2016, is facially untimely.[1]

In his motion, Defendant argues in four separate grounds that his prior Florida conviction for battery on a detention staff member is no longer is a "crime of violence" under the residual clause or the force clause of the Sentencing Guidelines after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 58 at 13-15; *see* ECF No. 68, PSR ¶ 60). Defendant contends that his motion is timely under *Johnson*. The Government argues that Defendant's motion is untimely and that *Johnson* does not apply to Defendant's case because he

---

[1] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Case Nos.: 3:06cr21/LAC/EMT; 3:16cv318/LAC/EMT

was not sentenced under the ACCA (ECF No. 67 at 3-4). The court will address Defendant's motion to the extent necessary to explain why *Johnson* does not make his motion timely.

In *Johnson*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the elements clause*] or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. Additionally, the Supreme Court has held that *Johnson*

announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

The premise of Defendant's argument is that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the advisory Guidelines' definition of a "crime of violence" (ECF No. 58 at 13-14).  *See* U.S.S.G. § 4B1.2(a).  The Government responds correctly that Defendant's argument is foreclosed by the Supreme Court's recent decision in *Beckles*, *supra*, in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range (*see* ECF No. 67 at 4-5 (citing *Beckles*, 137 S. Ct. at 892)).  The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated the "twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."  *Beckles*, 137 S. Ct. at 894.  *See also United States v. Matchett*, 802 F.3d 1185, 1194-96 (11th Cir. 2015) (holding that the Sentencing Guidelines cannot be challenged as unconstitutionally vague).

## CONCLUSION

Because Defendant's conviction became final years ago and *Johnson* does not apply to his sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that

Case Nos.: 3:06cr21/LAC/EMT; 3:16cv318/LAC/EMT

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant Lindsay's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 58) be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson* and otherwise **DISMISSED as untimely**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25th day of September 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:06cr21/LAC/EMT; 3:16cv318/LAC/EMT